**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

STEPHANIE MAZZEI,

                              Plaintiff,

-against-

THE ABBOTT LABORATORIES & CO., et al.,

                              Defendants.

------------------------------------------------------------x

DOROTHEA WOODS-GASTON,

                              Plaintiff,

-against-

THE ABBOTT LABORATORIES & CO., et al.,

                              Defendants.

------------------------------------------------------------x

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-2233 (ENV) (JMA)

10-CV-1011 (ENV) (JMA)

**VITALIANO, D.J.**

      In 2010, Stephanie Mazzei and Dorothea Woods-Gaston (collectively, "plaintiffs") filed suit against various drug companies including Eli Lilly and Company ("Lilly"), (Compl., No. 10-CV-2233 (E.D.N.Y.), ECF No. 1; Compl., No. 10-CV-1011 (E.D.N.Y.), ECF No. 1.), asserting that the defendant drug companies are liable for injuries plaintiffs sustained as the result of *in utero* exposure to the prescription medication diethylstilbestrol ("DES"), which each of the defendants formerly manufactured and marketed. (See generally Compl., No. 10-CV-2233;

1

Compl., No. 10-CV-1011.) A trial between plaintiffs and Lilly, the only remaining defendant,[1] is scheduled to begin on April 23, 2012. Pending now before the Court is plaintiffs' opposed motion for partial summary judgment in which plaintiffs argue that Lilly should be estopped from contesting jury findings (1), (3), (4), (5) and (6) from Bichler v. Eli Lilly & Co., 55 N.Y.2d 571, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982).[2] The motion was referred to Magistrate Judge Joan M. Azrack for a Report and Recommendation. Judge Azrack's Report and Recommendation (the "R&R") issued on March 13, 2012, and recommended that the motion be granted in part and denied in part such that Lilly would be estopped from contesting Bichler jury findings (1), (3), (4), and (5).

In reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). And, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But,

---

[1] Plaintiffs have represented that "Since this motion has been made, all defendants, other than Eli Lilly, have settled, and Eli Lilly is the only defendant going to trial." (10-cv-02233, ECF No. 46-5, at 1.)

[2] The Bichler jury answered each of the following seven interrogatories in plaintiff's favor: "(1) Was DES reasonably safe in the treatment of accidents of pregnancy when it was ingested by plaintiff's mother in 1953? (2) Was DES a proximate cause of plaintiff's cancer? (3) In 1953 when plaintiff's mother ingested DES, should the defendant, as a reasonably prudent drug manufacturer, have foreseen that DES might cause cancer in the offspring of pregnant women who took it? (4) Foreseeing that DES might cause cancer in the offspring of pregnant women who took it, would a reasonably prudent drug manufacturer test it on pregnant mice before marketing it? (5) If DES had been tested on pregnant mice, would the tests have shown that DES causes cancer in their offspring? (6) Would a reasonably prudent drug manufacturer have marketed DES for use in treating accidents of pregnancy at the time it was ingested by the plaintiff's mother if it had known that DES causes cancer in the offspring of pregnant mice? (7) Did defendant and the other drug manufacturers act in concert with each other in the testing and marketing of DES for use in treating accidents of pregnancy?" Bichler, 55 N.Y.2d at 587 n.10.

where no timely objection has been made, the district "court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

No party has objected. And, after careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Plaintiffs' motion for partial summary judgment based on collateral estoppel is granted in part and denied in part such that Lilly is estopped from contesting Bichler jury findings (1), (3), (4), and (5).

The Joint Pretrial Order remains due by April 13, 2012 and trial remains scheduled to begin on April 23, 2012.

**SO ORDERED.**

Dated: Brooklyn, New York
April 2, 2012

s/ ENV

ERIC N. VITALIANO
United States District Judge